## CAMPBELL v CAMPBELL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13312.  Decided Feb 19, 1934

Geo. E. Beach, Cleveland, for plaintiff in error.

Smith, Olds, Thompson & Harris, Cleveland, for defendant in error.

**OPINION**

By McGILL, J.

Briefly the testimony of all witnesses established that Mrs. Campbell was not at fault. It further established that Mr. Campbell·was moody and unsociable; that he frequently found fault with his wife and humiliated her before their friends; that he refused to permit the home to be sufficiently heated for health or comfort; that he made the home dark to an unpleasant degree by refusing to keep proper lights burning; that he took his wife and son on a vacation to a boarding house which shortly before had been a house of ill fame; and that by reason of the husband's conduct the health of the wife had been so seriously affected that her only hope of recovering her health was by a separation.

Several witnesses testified to a cruel and nagging policy and in addition to the testimony hereinbefore mentioned, further testified that he would not permit enough fire to be kept in the furnace to heat the home; that he refused to permit Mrs. Campbell to light the grate with the result that visitors would be required to sit in the kitchen inasmuch as that was the only warm room; that he would not permit Mrs. Campbell to heat water for baths by the hot water heater and that the only way she could obtain hot water was by heating it in the tea kettle on the kitchen stove.

Dr. Cummings and others testified that as a result of this treatment her health was broken down and she became very nervous due to a mental condition which her husband had brought on by his conduct.

The evidence shows that at the time of the trial Mr. Campbell was earning $252.00 per month; and that Mrs. Campbell, at the time of her marriage, had $1000.00 in the bank; that she had been given a further $1000.00 for the son by Mr. Campbell's father, and that she had saved a further $1000.00. It was undisputed that Mr. Campbell took this $3000.00 and invested it in stocks and at the time of the trial Campbell admitted that he held the various shares of stock whose market value at that time was $2800.00.

Without setting forth more of the evidence in detail, we think the evidence overwhelmingly establishes the right of Mrs. Campbell to a decree of divorce. Instead of finding her entitled to a divorce, the court below found that the defendant had been "to some degree guilty of neglect of duty" and upon that finding awarded the $35.00 alimony and the $50.00 per month support for the minor child.

From the record it may be fairly inferred that the court below hoped for a reconciliation. Many months have elapsed since the case was heard in the court below, and no reconciliation has been effected. In any event we think that the judgment of the court below was proper so far as it went but that it did not go far enough.

We think that under the facts disclosed in this record the court had a right to award the alimony and order the father to support the minor child.

**Section 6, Article IV of the Ohio Constitution** provides that:

"The Courts of Appeals shall have * * * jurisdiction * * * to review, affirm, modify

or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law."

Sec 12247 GC, provides that:

"A judgment rendered for final order made, by a Court of Common Pleas, * * * may be reversed, vacated or modified by the Courts of Appeals."

Under the evidence in this case, which, in our opinion, clearly establishes the right of defendant in error to a decree of divorce, and in view of the constitutional and statutory authority conferring the power to modify the decree, it is clearly the duty of this court to modify the decree to the extent that a decree of divorce be entered for defendant in error.

The judgment is affirmed as to the awarding of custody of the minor child and to this extent the judgment is affirmed as modified. The cause should be and is hereby remanded to the Court of Common Pleas for the awarding of permanent alimony and a division of the property, and a journal entry may be prepared in accordance with these views.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.